IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON ROE (Y32231), | ) |
| | ) |
|       Plaintiff, | ) |
| | )    Case No. 23 C 5510 |
| v. | ) |
| | )    Hon. Jorge L. Alonso |
| ST. ALEXIAN BROTHERS HOSPITAL, et al., | ) |
| | ) |
|       Defendants. | ) |

## ORDER

    Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $11.50 from his account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to send a copy of this order to the trust fund officer where Plaintiff is incarcerated and to this court's fiscal department. The Court dismisses Plaintiff's complaint [1] without prejudice. Plaintiff may submit an amended complaint that complies with the instructions below. He must use the form supplied by the Court, *see* Local Rule 81.1 (N.D. Ill.), and his Statement of Claim may not exceed 10 pages. Failure to comply by November 1, 2023, will result in summary dismissal of this lawsuit on the presumption that he does not want to proceed further. Plaintiff also must promptly update his address if it changes while this case is open. Failure to do so will result in dismissal of this lawsuit with no further notice. The Court defers consideration of Plaintiff's motion for attorney representation until after he submits a complaint that complies with the instructions in the Statement section below. The Court strikes the letters received from Plaintiff on August 18, 2023 [5], because it is unclear to whom the letters are addressed, and any request for court action is not in the form required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(b). The Court notes as well that any claim for injunctive relief that can be extracted from the letters is moot because Plaintiff is no longer in custody of the entity referenced in the letters. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (explaining that claim for injunctive relief is moot when prisoner transferred to another facility). The Clerk of Court is directed to send Plaintiff an amended complaint form and instructions along with a copy of this order.

## STATEMENT

    Illinois prisoner Byron Roe initiated this federal lawsuit *pro se* under 42 U.S.C. § 1983 concerning nearly every aspect of his journey through the criminal justice system since September 2021. He seeks to proceed without prepaying the Court's filing fee and has demonstrated that he cannot prepay the fee. The Court therefore grants his application for leave to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $11.50 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court 20% of "the preceding month's income . . . each time the amount in the account exceeds $10," until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the number assigned to this case.

The Court next considers Plaintiff's complaint. He initiated this lawsuit against 100 defendants or more. It is hard to determine the exact number because of duplicate designations, parties identified by name in the complaint, and possible additional defendants appended to Plaintiff's motion for attorney representation. Dkt. 1, 4. At least 57 of the defendants are "John Does." *See* Dkt. 1, pg. 4 (identifying "St. Alexian Brothers Hospital Director John Doe 57"). Plaintiff's statement of claim is equally unwieldy. It spans just 15 pages but covers a vast array of events, including but not limited to (1) Plaintiff's treatment at St. Alexian Brothers Hospital (a private entity) following an automobile collision on September 22, 2021; (2) his arrest and subsequent transportation between police stations, local jails, and court; (3) his transfer to the Cook County Jail; and (4) many aspects of his pretrial detention at the Cook County Jail, ranging from his medical care to purported assaults, sanitation, movement within the jail, and mail handling.

He is understandably upset insofar as he alleges that he suffered a broken neck and fractured femur as a result of the automobile accident that were not diagnosed until several weeks after his release from the hospital. His complaint, however, does not comply with the Federal Rules of Civil Procedure.

Plaintiff's complaint suffers from several defects, but two fundamental issues must be corrected before the Court can perform the screening mandated by 28 U.S.C. § 1915A. First, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of surplus material in a complaint is not enough to frustrate the goals of Rule 8, unnecessary length coupled with repetitiveness, needless complexity and immaterial allegations are grounds for dismissal. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). Plaintiff's 129-page complaint—15 pages of handwritten single-spaced allegations; 15 pages of defendants; a litigation history page; a two-page request for relief that asks for, among other things, creation of "a set of laws in my honor"; and 96 pages of attachments—consists largely of isolated facts connected by legal conclusions such as "deliberate indifference," "reckless disregard," "medical malpractice," "medical negligence," "gross negligence," and "cruel and unusual punishment for no penological justification." The Court need not sift through the morass of legal jargon to craft a claim for Plaintiff. *See, e.g., Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."). The Court also will not consider voluminous attachments to a complaint. *See Kadamovas*, 706 F.3d at 844 (instructing that

2

district court may strike attachments to complaint "without bothering to read"). Plaintiff must amend his complaint before the Court can properly assess his claims.

Second, Plaintiff's complaint contains improperly joined claims. Prisoners, like other litigants in this Court, must comply with the rules for joining claims and defendants into a single lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20); *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (cautioning district courts to be "alert to" the problem of impermissible joinder of parties and claims in prison litigation). Joinder of claims and parties is governed, for present purposes, by Federal Rules of Civil Procedure 18, 20, and 21. Rule 18(a) allows for joinder of "as many claims as [a party] has against an opposing party." Rule 20(a)(2), however, limits joinder of defendants to cases where the right to relief against the defendants "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Courts generally consider claims to "arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1653 (3d ed. 2001)). Rule 21 allows the district court, at its discretion, to "sever any claim against a party."

The claims identified by Plaintiff involve distinct conduct by different defendants. For example, a claim that medical personnel at St. Alexian Brothers Hospital failed to diagnose Plaintiff's injuries cannot be brought in the same lawsuit as a claim that corrections staff at the Cook County Jail failed to protect Plaintiff from assault. Similarly, a claim about the living conditions at the Hoffman Estates Jail cannot be brought in the same lawsuit as a claim about mail handling at the Cook County Jail. These claims arise from distinct sets of circumstances, with no overlap whatsoever. The claims cannot proceed together in a single lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (explaining that unrelated claims should not be joined in same lawsuit).

Claims against medical personnel at St. Alexian Brothers Hospital for failing to diagnose Plaintiff's injuries and claims against medical personnel at the Cook County Jail for the delay in diagnosing the injuries are more closely related, but do not arise against the same defendants. The claims also present procedural complexities that can be addressed more efficiently in separate lawsuits. For example, a stand-alone negligence claim against St. Alexian Brothers Hospital, its employees, or contractors, will require Plaintiff to establish a basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. This Court's ability to hear claims against Cook County Jail's medical personnel is not dependent on diversity jurisdiction but will require Plaintiff to plead facts showing a violation of the Fourteenth Amendment of the United States Constitution. *See Miranda v. County of Lake*, 900 F.3d 335, 347 (7th Cir. 2018). Whether this Court could then exercise supplemental jurisdiction over a negligence claim against St. Alexian Brothers Hospital and its personnel—who would not be parties to the federal question claim—is a separate issue that likely would spawn additional litigation. The Court therefore will not allow Plaintiff to bring a claim against St. Alexian Brothers Hospital or its personnel in the same lawsuit as a claim against Cook County Jail's medical personnel even though the claims flow from a continuum of medical care

precipitated by the September 22, 2021 automobile collision. *See* Fed. R. Civ. P. 21 ("The court . . . may sever any claim against a party."); *Vermillion v. Levenhagen*, No. 14-2327, 2015 WL 927356, at *4 (7th Cir. Mar. 5, 2015) (explaining that district court may sever "discrete and separate" claims); *see also* 28 U.S.C. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction").

The Court dismisses Plaintiff's complaint without prejudice. If Plaintiff wants to proceed further, he must choose which claim or properly joined claims he wants to pursue in this lawsuit and amend his complaint accordingly. He must identify the individual or individuals responsible for any complained-of conduct, list them in the caption of the amended complaint, and then explain in the Statement of Claim what each defendant did to allegedly violate his rights. He may not rely on legal jargon or unsupported conclusory statements; he must use facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that plaintiff cannot rely on labels and unsupported conclusions to state a claim).

Any amended complaint must be submitted on the Court's required form, *see* Local Rule 81.1, and comport with Federal Rule of Civil Procedure 11. Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. He is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Plaintiff is advised to keep a copy for his files.

In deciding how to proceed, Plaintiff should consider that to state a claim under 42 U.S.C. § 1983, he must allege facts showing that he was deprived of a right secured by the Constitution or the laws of the United States and that the deprivation occurred at the hands of a person acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The requirement of a "person acting under the color of state law" means that private citizens or businesses generally cannot be held liable under section 1983. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1016 (7th Cir. 2000). There also is no *respondeat superior* (or supervisor) liability under section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). This means that high-ranking officials, such as Sheriff Dart, cannot be held liable under section 1983 simply because a Sheriff's Department employee might have violated Plaintiff's rights.

Plaintiff also should be aware that he cannot proceed against unidentified parties, *i.e.*, John Doe or Jane Doe. He must identify the individual or individuals responsible for the alleged conduct, name them as defendants to an amended complaint, and describe in the amended complaint what each individual did to purportedly violate his rights. He should do this as soon as possible in light of the two-year statute of limitations and applicable tolling rules. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021); *Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014).

That is not to suggest that the Court discerns a viable claim from any of Plaintiff's allegations. Rather, he must bring his pleading into compliance with the Federal Rules of Civil Procedure before the Court will consider the complaint under 28 U.S.C. § 1915A. *See Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) (recommending "that the district court assess whether joinder is proper under Rule 20 before considering the merits").

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint by the date set forth above will result in summary dismissal of this lawsuit.

**SO ORDERED**                                                               ENTERED: September 27, 2023

_____
**HON. JORGE ALONSO**
**United States District Judge**