IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Byron Roe (Y32231),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 23 C 5510 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| **St. Alexian Brothers Hospital, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

      The Court dismisses Plaintiff's amended complaint [13] without prejudice for the reasons discussed below. By February 7, 2024, Plaintiff must: (1) submit a second amended complaint limited to claims against Dr. Tremel and any other medical professionals responsible for the alleged delay (following Plaintiff's admission to the Cook County Jail) in diagnosing the injuries Plaintiff allegedly sustained during an automobile accident in September 2021; and (2) advise the Court, in a separate writing and in the manner set forth (in bold) in the Statement section below, whether he wants the remaining claims severed into separate lawsuits. Plaintiff will become immediately and irrevocably responsible for the filing fee for each severed action. Any claims not explicitly identified by Plaintiff by the date set forth above will be dismissed. Because the time for bringing claims under section 1983 stemming from the conduct alleged in the amended complaint has elapsed, the dismissal may result in a *de facto* dismissal with prejudice. Plaintiff, who has demonstrated an ability to follow this Court's instructions, does not require a lawyer to complete the tasks assigned to him. The Court therefore defers consideration of his motions for attorney representation until after he has complied with this order. *See Dorsey v. Varga*, 55 F.4th 1094, 1105 (7th Cir. Dec. 15, 2022) (finding no abuse of discretion where district court denied *pro se* litigant's request for court-recruited counsel "when his only tasks were to comply with the Federal Rules of Civil Procedure and to plausibly allege facts that, if true, would entitle him to relief"). The Court denies Plaintiff's motion to "opt-in to e-filing documents" [12] because he did not provide an email address and must use the procedures established by the facility in which he is incarcerated. The Court denies Plaintiff's application for leave to proceed *in forma pauperis* [14] as moot because a prior application was granted. Failure to comply with this order by the date set forth above may result in dismissal of this lawsuit on the presumption that Plaintiff does not want to proceed further.

## STATEMENT

      Illinois prisoner Byron Roe initiated this federal action *pro se* under 42 U.S.C. § 1983 concerning the medical care he received following an automobile accident in September 2021 and

for several months after he was taken into custody. By order dated September 27, 2023, the Court dismissed Plaintiff's 129-page complaint because it did not comply with the Federal Rules of Civil Procedure. Dkt. 7. Plaintiff submitted an amended complaint that is considerably shorter than the original, Dkt. 13, but the amended complaint suffers from many of the same flaws. For example, Plaintiff brings the amended complaint against more than 40 defendants, and the exact number of defendants is difficult to ascertain because the names and count vary depending on where one looks in the pleading. *See id.*, pg. 1-2 (45 defendants); *id.*, pg. 3-7 (44 defendants); *id.*, pg. 17 (mentioning "Rolling Meadows Staff," who do not appear in any list of defendants); *id.*, pg. 25 (43 defendants); *id.*, pg. 26 (43 defendants). The amended complaint also continues to include improperly joined claims.

As the Court previously explained, prisoners, like other litigants, must comply with the rules for joining claims and defendants into a single lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20); *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017) (cautioning district courts to be "alert to" the problem of impermissible joinder of parties and claims in prison litigation). Joinder of claims and parties is governed by Federal Rules of Civil Procedure 18, 20, and 21. Rule 18(a) allows for joinder of "as many claims as [a party] has against an opposing party." Rule 20(a)(2), however, limits joinder of defendants to cases where the right to relief against the defendants "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Rule 21 allows the district court to "sever any claim against a party."

In the September 27, 2023 order, the Court explained that it would not allow Plaintiff to bring a claim against St. Alexian Brothers Hospital and its personnel in the same lawsuit as claims against Cook County Jail's medical personnel. Dkt. 7. The Court also explained it would not allow a claim about the living conditions at the Hoffman Estates Jail to proceed in the same lawsuit as a claim about mail handling at the Cook County Jail. *Id.* Similarly, a claim that Cook County Jail personnel failed to protect Plaintiff from assault could not proceed in the same lawsuit as claims stemming from the care Plaintiff received following the September 2021 automobile accident. Plaintiff understood the Court's discussion about joinder insofar as he omitted from the amended complaint the claims specifically discussed in the September 27, 2023 order.

That said, improperly joined claim nevertheless remain a part of Plaintiff's pleading. The Seventh Circuit recommends "that the district court assess whether joinder is proper under Rule 20 before considering the merits" of the claims as required by 28 U.S.C. § 1915A. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). "Assessing whether joinder is proper before resolving the merits ensures that, regardless of the outcome of a case, the plaintiff pays the proper number of filing fees under [28 U.S.C.] § 1915(b) and receives the proper number of strikes, if any, under § 1915(g)." *Id.* If joinder remains improper after a plaintiff has had at least one chance to fix the problem (as Plaintiff has had here), the district court may inform the Plaintiff that it will dismiss improperly joined claims or sever the case into two or more actions. *See id.*

Plaintiff's amended complaint focuses on the conduct of the government entities, employees, and officials he encountered following a September 22, 2021 automobile accident and

2

his subsequent arrest. *See* Dkt. 13, pg. 15-25. The municipalities that held Plaintiff pending his admission to Cook County Jail allegedly transported and housed him in ways that exacerbated the injuries. Then, on arrival at the Cook County Jail, medical personnel did not immediately identify the severity of his injuries. Instead, Dr. Tremel gave Plaintiff a cane and scheduled x-rays and a CT scan for some time later. Plaintiff was subjected to movement and housing at the Cook County Jail that also did not adequately consider the severity of his injuries. He subsequently was diagnosed with a broken neck and a fractured femur. *See id.* Plaintiff wants to sue, in the same lawsuit, everyone with whom he had contact beginning on September 27, 2021, through the end of November 2021. *See id.*

Although a common theme runs through Plaintiff's amended complaint—*i.e.*, he suffered injuries that were disregarded by the public officials with whom he had contact—many of the events described in the amended complaint are unrelated for joinder purposes even though the events occurred one after another. Put another way, the sequential order of events does not necessarily mean that each defendant's conduct is part of the same transaction. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained the rules for joinder as follows:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .

Applying the reasoning of *George*, claims against South Barrington police officers or officials concerning their role in and conduct during Plaintiff's release from St. Alexian Brothers Hospital on September 27, 2021, cannot be brought in the same lawsuit as claims against Hoffman Estates police officers or officials concerning housing while Plaintiff awaited arraignment. Similarly, any claims against Cook County Jail medical personnel, stemming from their purported delay in identifying and treating Plaintiff's injuries, are distinct from claims against individual correctional officers, stemming from their application of improper restraints or occasional denials of prescribed medications and wheelchairs. The Court identifies no fewer than eleven separate and distinct claims in the amended complaint:

1. claims against Dr. Tremel and other medical professionals responsible for the alleged delay (following Plaintiff's admission to the Cook County Jail) in diagnosing the injuries Plaintiff allegedly sustained during an automobile accident in September 2021;

2. claims against the South Barrington Police Department and its officers or officials concerning their role in Plaintiff's release from St. Alexian Brothers Hospital on September 27, 2021, as well as transportation and administration of pain medications while Plaintiff was in their custody;

3. claims against Hoffman Estates Police Department and its officers or officials concerning transportation, housing, administration of pain medications, and the

   purported denial of medical provisions while Plaintiff awaited an initial court appearance;

4. a claim against Plaintiff's public defender because counsel allegedly did not enter recommended orders that Plaintiff be returned "to proper hospital care";

5. a claim concerning transportation provided by the Cook County Sheriff's Department after Plaintiff's initial court appearance;

6. a claim against an unidentified correctional officer for the manner in which Plaintiff was restrained while at Stroger Hospital;

7. a claim against a physical therapist who allegedly forced Plaintiff to participate in therapy even though his leg was fractured;

8. claims against the correctional officers who placed Plaintiff in "lockbox" restraints and shackles during transport to or from a medical appointment;

9. multiple claims against multiple correctional officers concerning an alleged refusal to give Plaintiff "PRN" medications or to summon a nurse on demand;

10. claims against the correctional officers who allegedly denied Plaintiff a wheelchair;

11. claims against the medical personnel who, in November 2021, ordered staff to remove Plaintiff's neck and knee "immobilizers."

Given the breadth of the amended complaint, however, the above list may not account for every improperly joined claim.

   The Court dismisses the amended complaint without prejudice and without reaching the merits of Plaintiff's claims. *See Dorsey*, 55 F.4th at 1107 ("If joinder is improper, the court . . . may strike the complaint and grant leave to replead."). The Court also limits the scope of this lawsuit to claims that may be brought under 42 U.S.C. § 1983 against Dr. Tremel and any other medical professionals responsible for the alleged delay (following Plaintiff's admission to the Cook County Jail) in diagnosing the injuries Plaintiff allegedly sustained during an automobile accident in September 2021. *See Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (explaining that unrelated claims should not be joined in same lawsuit); *Vermillion v. Levenhagen*, No. 14-2327, 2015 WL 927356, at *4 (7th Cir. Mar. 5, 2015) (discussing analysis concerning joinder of parties and claims and explaining that district court has discretion to sever any "discrete and separate" claims).

   To proceed further, Plaintiff must do two things. First, he must submit a second amended complaint limited to claims against Dr. Tremel and other medical professionals responsible for the alleged delay (following Plaintiff's admission to the Cook County Jail) in diagnosing the injuries

Plaintiff allegedly sustained during an automobile accident in September 2021. Plaintiff must identify the individual or individuals responsible for any complained-of conduct, list them in the caption of the second amended complaint, and then explain in the Statement of Claim what each defendant did to allegedly violate his rights. He may not rely on legal jargon or unsupported conclusory statements; he must use facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that plaintiff cannot rely on labels and unsupported conclusions to state a claim). The Statement of Claim may not exceed 10 pages.

Any second amended complaint must be submitted on the Court's required form, *see* Local Rule 81.1, and comport with Federal Rule of Civil Procedure 11. Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. He is cautioned that an amended pleading supersedes all prior pleadings and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the second amended complaint without reference to prior pleadings. Plaintiff is advised to keep a copy for his files.

Second, Plaintiff must advise what he wants to do with the remaining claims. He should be aware that he will be assessed a filing fee for each severed action, and each severed action will be subject to screening and potential dismissal under 28 U.S.C. § 1915A. He also should be aware that he must pay the filing fee even if the actions are summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). The fees will be deducted directly from his prison account and can add up quickly. The Court collects 20% for a single lawsuit plus 20% for each additional lawsuit. Thus, for five lawsuits the Court will collect 100% of the deposits to Plaintiff's account until his filing fees have been paid in full. *See Bruce v. Samuels*, 577 U.S. 82, 90 (2016).

Plaintiff should consider that the statute of limitations for an action under section 1983 filed in Illinois is two years, *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), and accrues when a plaintiff knows or has reason to know of the injury that is the basis of his claim, *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). This means that any claims stemming from conduct that occurred in September 2021 likely are time-barred. It is also likely too late to identify proper defendants to any claims where Plaintiff named a "John Doe" or "Jane Doe" instead of an actual defendant. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (concluding that pre-trial detainee's attempt to amend pleading to replace "John Doe" with name of actual defendant, outside of limitations period, was untimely).

In addition, Plaintiff should consider that a police department does not have legal existence separate from the municipality it serves, *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001), so he cannot sue the South Barrington or Hoffman Estates Police Departments. Instead, he has to establish a basis for section 1983 liability against the municipality, itself. *See Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 691(1978) (discussing municipal liability under section 1983). It is not enough that an employee of the municipality might have violated Plaintiff's rights. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)

5

(explaining that there is no *respondeat superior* liability under section 1983). Similarly, high level officials like Sheriff Dart cannot be held liable under section 1983 simply because a Sheriff's Department employee might have violated Plaintiff's rights. And public defenders generally are not subject to section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

**If Plaintiff decides that he wants claims from his amended complaint severed into separate actions under section 1983 rather than dismissed, he must submit a document to this Court identifying: (1) defendants to each severed action; (2) the approximate date of the allegedly wrongful conduct; (3) the nature of the claim or claims; and (4) the page numbers of the amended complaint on which relevant allegations appear. If the Court severs claims from the amended complaint into a new action or actions, Plaintiff will become immediately and irrevocably responsible for the filing fee for each severed action, but the severed action(s) will maintain the August 18, 2023 filing date of this instant lawsuit. Any claims not explicitly identified by Plaintiff will be dismissed. Because the time for bringing claims under section 1983 stemming from the conduct alleged in the amended complaint has elapsed, the dismissal may result in a *de facto* dismissal with prejudice.**

**SO ORDERED.**                                                       ENTERED:   January 16, 2024

                                                                                         _____
                                                                                         **JORGE L. ALONSO**
                                                                                         **United States District Judge**

6