IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Byron Roe (Y32231),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 23 C 5510 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| **St. Alexian Brothers Hospital, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

The Court grants Plaintiff's motion for extension of time to submit a second amended complaint [17] as well as his motions for attorney representation [4][15]. The Court requests that Mark Burton Weiner, Hughes Socol Piers Resnick & Dym, Ltd, 70 West Madison Street, Suite 4000, Chicago, Illinois 60602, tel: (312) 580-0100, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).[1] Counsel should review the January 16, 2024 Order and the Statement section below before proceeding further. The Clerk of Court is directed to send a copy of this order to Plaintiff, attorney Weiner, the Systems Department of the Northern District of Illinois, and the PACER Service Center at pacer@psc.uscourts.gov. The Court denies Plaintiff's motion to "opt-in to e-filing" [18] as moot. By May 15, 2024, counsel should inform the Court (1) how much time he will need to file a second amended complaint; and (2) whether Plaintiff wants any of the improperly joined claims severed into separate lawsuits. If, after investigation, counsel believes that he cannot proceed consistent with Federal Rule of Civil Procedure 11, he should so inform the Court.

**STATEMENT**

Illinois prisoner Byron Roe initiated this federal action *pro se* under 42 U.S.C. § 1983 concerning the medical care he received following an automobile accident in September 2021 and for several months after he was taken into custody. By order dated January 16, 2024, the Court dismissed Plaintiff's amended complaint because it contained improperly joined claims and

---

[1]Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, the above-named attorney shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case only. Recruited counsel shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. This exemption is valid immediately and for the duration of counsel's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. Recruited counsel shall contact the PACER Service Center at 1-800-676 6856 or via the link below to make any necessary arrangements for the waiver.

limited the scope of the claim that may be brought in this lawsuit. *See* Dkt. 16. The Court also instructed Plaintiff to advise what he would like done with the remaining claims. *Id.* Plaintiff now advises that he cannot complete the tasks required of him because, at least in part, he has limited library access and has been unable to identify defendants to his claim. *See* Dkt. 17.

Given the medical and procedural issues presented by this case, the Court requests that Mark Burton Weiner, Hughes Socol Piers Resnick & Dym, Ltd, 70 West Madison Street, Suite 4000, Chicago, Illinois 60602, tel: (312) 580-0100, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). Counsel's representation is limited to claims that may be brought under 42 U.S.C. § 1983 against Dr. Tremel and other medical professionals responsible for Plaintiff's medical care (for injuries he allegedly sustained during an automobile accident in September 2021) following his admission to the Cook County Jail. Counsel is under no obligation to bring any other claims or pursue any other lawsuits on Plaintiff's behalf. Pro bono litigation resources are available on the court's website at http://www.ilnd.uscourts.gov, by clicking on the link to Resources for Pro Bono Attorneys in the Trial Bar. Another resource is an attorney with the Uptown People's Law Center, Mr. Alan Mills, who may be reached by email at alan@uplcchicago.org. In addition, counsel should review Local Rule 54.1 for the rules addressing the taxation of costs and the limits established by the Judicial Conference of the United States and/or published rates on the court's website.

Plaintiff is advised that recruiting counsel for an unrepresented individual is a privilege. He must listen carefully to counsel's advice and be mindful, as any paying client would be, of counsel's workload, time, and effort. Plaintiff also must conduct himself appropriately during all his interactions and communications with counsel. If the Court allows counsel to withdraw, there is no guarantee the Court will recruit substitute counsel. In addition, Plaintiff should be aware that pursuant to Local Rule 83.40 and the Regulations Governing the Prepayment & Reimbursement of Expenses of Court Assigned Counsel in Pro Bono Cases from the District Court Fund, any recovery (*e.g.*, settlement, judgment, award of fees, or costs) in excess of $50,000 requires reimbursement to the District Court Fund from such recovery for amounts paid on behalf of the receiving party in excess of $5,000.

Plaintiff next must advise what he wants to do with the remaining claims. He should be aware that he will be assessed a filing fee of $405.00 for each severed action, and each severed action will be subject to screening and potential dismissal under 28 U.S.C. § 1915A. He also should be aware that he must pay the filing fee even if the actions are summarily dismissed. *See* 28 U.S.C. § 1915(b)(1). The fees will be deducted directly from his prison account and can add up quickly. The Court collects 20% for a single lawsuit plus 20% for each additional lawsuit. Thus, for five lawsuits the Court will collect 100% of the deposits to Plaintiff's account until his filing fees have been paid in full. *See Bruce v. Samuels*, 577 U.S. 82, 90 (2016).

Plaintiff also should consider that the statute of limitations for an action under section 1983 filed in Illinois is two years, *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001), and accrues when a plaintiff knows or has reason to know of the injury that is the basis of his claim, *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). This means that any claims stemming from conduct that

occurred in September 2021 likely are time-barred. It also likely is too late to identify proper defendants to any claims where Plaintiff named a "John Doe" or "Jane Doe" instead of an actual defendant. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (concluding that pre-trial detainee's attempt to amend pleading to replace "John Doe" with name of actual defendant, outside of limitations period, was untimely).

**If Plaintiff decides that he wants claims from his amended complaint severed into separate actions under section 1983 rather than dismissed, he must submit a document to this Court identifying: (1) proper defendants to each severed action; (2) the approximate date of the allegedly wrongful conduct; (3) the nature of the claim or claims; and (4) the page numbers of the amended complaint on which relevant allegations appear. If the Court severs claims from the amended complaint into a new action or actions, Plaintiff will become immediately and irrevocably responsible for the filing fee for each severed action, but the severed action(s) will maintain the August 18, 2023 filing date of this instant lawsuit. Any claims not explicitly identified by Plaintiff will be dismissed. Because the time for bringing claims under section 1983 stemming from the conduct alleged in the amended complaint has elapsed, the dismissal will be a *de facto* dismissal with prejudice.**

Plaintiff is reminded that recruited counsel's representation is limited to claims in this case—No. 23 C 5510—that may be brought under 42 U.S.C. § 1983 against Dr. Tremel and other medical professionals responsible for Plaintiff's medical care (for injuries he allegedly sustained during an automobile accident in September 2021) following his admission to the Cook County Jail. Counsel need not assist Plaintiff in identifying proper defendants for any other claims, *i.e.*, claims against the municipalities that had custody of Plaintiff before his arrival at the Cook County Jail. Counsel need only help Plaintiff understand the ramifications of his decisions with respect to the improperly joined claims and advise the Court whether Plaintiff wants the claims severed into separate actions or dismissed.

**SO ORDERED.**   ENTERED:   February 20, 2024

**HON. JORGE ALONSO**
**United States District Judge**

3